IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE FUNEZ, guardian                    09-CV-562-BR
*ad litem* for ALDO FUNEZ,

     Plaintiff,                         OPINION AND ORDER

v.

CRUZ BOLANOS GUZMAN; LUZ
ARMANDO BARBOSA, ARMANDO
BARBOSA, and MARIA BARBOSA;
ALONZO CAMPOS, MARTIN CAMPOS,
AND JOHN DOE 2; FRANCISCO
JAVIAR CAMPOS CHAVARRIA,
JUAN CAMPOS, and GUADALUPE
CHAVARRIA; HERNAN CONEJO,
MANUEL CORNEJO-OLMEDA, and
CARMELA CORNEJO; J.L.;
IGNACIO LARA-VASQUEZ and
MARIA GUADALUPE LARA; L.L.;
JOSE MAGANA-MACIAS, IRINEO
MUNOZ-MAGANA, and JUANA
MAGANA-MACIAS; RUBEN
MENDOZA-UVALLE, JORGE MENDOZA,
and GUILLERMINA MENDOZA;
JUAN QUINTANA-ROQUE, JUAN
QUINTANA-OCAMPO, and ALEJANDRA
QUINTANA; and HOOD RIVER
COUNTY SCHOOL DISTRICT, an Oregon
public school district,

     Defendants.

1 - OPINION AND ORDER

**ANDREW W. CARTER**
Dunn Toole Carter & Coats LLP
112 West Fourth Street
The Dalles, OR 97058
(541) 296-5424

         Attorneys for Plaintiff

**MEREDITH D. VAN VALKENBURGH**
Van Valkenburgh & Associates, P.C.
204 East Fourth Street
The Dalles, OR 97058
(541) 296-1106

         Attorneys for Defendants Cruz Bolanos Guzman, Luz
         Armando Barbosa, Armando Barbosa, Maria Barbosa, Alonzo
         Campos, Martin Campos, John Doe 2, Hernan Conejo,
         Manuel Cornejo-Olmeda, Carmela Cornejo, J.L., Ignacio
         Lara-Vasquez, Maria Guadalupe Lara, L.L., Jose Magana-
         Macias, Irineo Munoz-Magana, and Juana Magana-Macias

**JAMES M. HABBERSTAD**
106 East Fourth Street, Second Floor
The Dalles, OR 97058
(541) 296-8533

         Attorney for Defendants Ruben Mendoza-Uvalle, Juan
         Quintana-Roque, Juan Quintana-Ocampo, and Alejandra
         Quintana

**RONALD W. DOWNS**
Special Districts Association
P.O. Box 12613
Salem, OR 97309-0613
(503)371-8667

**J. CHANNING BENNETT**
Garrett Hemann Robertson, PC
1011 Commercial Street N.E., Suite 210
P.O. Box 749
Salem, OR 97308-0749
(503) 581-1501

         Attorneys for Defendant Hood River County School
         District

2 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Hood River County School District's Motion to Dismiss (#40).  For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint which the Court construes in the light most favorable to Plaintiff:

During the relevant period, Plaintiff Aldo Funez was a minor and student at Hood River Valley High School where he received special education services because he is disabled.  On May 25, 2006, Plaintiff was struck, kicked, and punched by Defendants Cruz Bolanos Guzman, Luz Armando Barbosa, Alonzo Campos, Francisco Javiar Campos Chavarria, J.L., L.L., Jose Magana-Macias, Ruben Mendoza-Uvalle, and Juan Quintana-Roque (Student Defendants) while Plaintiff and Student Defendants were under the care and supervision of Defendant Hood River County School District (Hood River).

As a result of the acts of the Student Defendants, Plaintiff sustained cuts, bruises, and internal injuries, which resulted in extensive surgery and his hospitalization from May 26, 2006, to June 4, 2006.

On May 21, 2009, Plaintiff filed a Complaint in this Court in which he brings claims (1) against Student Defendants for battery; (2) against Defendants Armando Barbosa, Maria Barbosa, Martin Campos, John Doe 2, Juan Campos, Guadalupe Chavarria, Manuel Cornejo-Olmeda, Carmela Cornejo, Ignacio Lara-Vasquez, Maria Guadalupe Lara, Irineo Munoz-Magana, Juana Magana-Macias, Jorge Mendoza, Guillermina Mendoza, Juan Quintana-Ocampo, and Alejandra Quintana (Parent Defendants) for parental liability under Oregon Revised Statute § 30.765; (3) against Defendant Hood River for negligence; (4) against Defendant Hood River for denial of Plaintiff's right to a free and appropriate public education (FAPE) pursuant to 42 U.S.C. § 1983; (5) against Defendant Hood River for violation of Plaintiff's right to equal protection under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983; and (6) against Defendant Hood River for deprivation of Plaintiff's right to substantive due process under the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.

Hood River moves to dismiss Plaintiff's claims against it on the grounds that Plaintiff's negligence claim is time-barred; Plaintiff failed to exhaust his administrative remedies under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(l); Plaintiff has not alleged a custom or policy that caused a constitutional deprivation pursuant to *Monell v. Dep't*

*of Soc. Servs.*, 436 U.S. 658 (1978); and Plaintiff failed to state a claim for violation of his rights to equal protection and substantive due process.

## STANDARDS

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is proper only if the pleadings fail to allege sufficient facts to establish a plausible entitlement to relief. *Bell Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).

## DISCUSSION

As noted, Hood River moves to dismiss Plaintiff's claims against it on the grounds that Plaintiff's negligence claim is time-barred, Plaintiff failed to exhaust his administrative

5 - OPINION AND ORDER

remedies under the IDEA, Plaintiff has not adequately alleged a custom or policy that caused a constitutional deprivation, and Plaintiff has failed to state a claim for violation of his rights to equal protection and substantive due process.

**I.   Plaintiff's negligence claim is not time-barred.**

Hood River contends Plaintiff's negligence claim is time-barred because he filed it more than two years after he was injured and, therefore, beyond the statute of limitations period provided under the Oregon Tort Claims Act (OTCA).  Plaintiff, however, contends the limitations period was tolled during the time he was a minor, and, in addition, he filed this action within two years of reaching the age of majority.

**A.   The Law**

Pursuant to the OTCA,

> [t]he sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties . . . shall be an action against the public body only.  The remedy provided by [the OTCA] is exclusive of any other action or suit against any such officer, employee or agent of a public body whose act or omission within the scope of the officer's, employee's or agent's employment or duties gives rise to the action or suit.  No other form of civil action or suit shall be permitted.

Oregon Revised Statute § 30.265(1).

The OTCA contains a two-year limitations period as follows:

> Except as provided in ORS 12.120, 12.135 and 659A.875, but notwithstanding any other provision

6 - OPINION AND ORDER

> of ORS chapter 12 or other statute providing a
> limitation on the commencement of an action, an
> action arising from any act or omission of a
> public body or an officer, employee or agent of a
> public body within the scope of [the OTCA] shall
> be commenced within two years after the alleged
> loss or injury.

Oregon Revised Statute § 30.275(9).  The parties do not dispute

Plaintiff's negligence claim against Hood River is governed by

the OTCA nor that the OTCA does not contain a specific provision

tolling the limitations period for minors.  Plaintiff, however,

asserts the tolling provision of Oregon Revised Statute § 12.160

applies to the OTCA, and, therefore, the limitations period was

tolled until Plaintiff reached the age of majority on May 25,

2007.  Hood River contends § 12.160 does not toll the limitations

period provided under the OTCA.  To support its position, Hood

River relies on *Cooksey v. Portland Public School District No. 1*,

143 Or. App. 527 (1996); *Lawson v. Coos County School District

No. 13*, 94 Or. App. 387 (1988); and *Pelser v. Walker,* 185 F.

Supp. 2d 1174 (D. Or. 2001).

### B.  Analysis

At the time Plaintiff suffered his injury, Oregon

Revised Statute § 12.160 provided in pertinent part:

> If, at the time the cause of action accrues, any
> person entitled to bring an action mentioned in
> ORS 12.010 to 12.050, 12.070 to 12.250 and 12.276
> is within the age of 18 years or insane, the time
> of such disability shall not be a part of the time
> limited for the commencement of the action; but
> the period within which the action shall be
> brought shall not be extended . . . in any case

longer than one year after such disability ceases. Or. Rev. Stat. § 12.160(2006). In *Cooksey* and *Lawson*, the Oregon Court of Appeals held § 12.160 did not toll the two-year limitations period of the OTCA. 143 Or. App. at 533-34; 94 Or. App. at 831. The court found "the examination of the text [of § 30.275] in context is dispositive." *Cooksey*, 143 Or. App. at 533. The court concluded the limitations period set out in 30.275(9)[1] applied "(1) notwithstanding any other provision of ORS chapter 12 *and* (2) notwithstanding any other statute providing a limitation on the commencement of an action." *Lawson*, 94 Or. App. at 831 (emphasis in original). The court also noted

> [t]hat reading of the statute is borne out by its context. ORS 30.275(2) establishes a 180-day notice period for tort claims brought against a public body, subject to a limited exception-up to an additional 90 days-for "minority, incompetency or other incapacity." Thus, it is clear that when the legislature wanted to include exceptions for minor plaintiffs it did so. It did not do so in ORS 30.275(8).

*Id*.

Under the reasoning of *Cooksey* and *Lawson,* Plaintiff's negligence claim would be untimely because Plaintiff filed his claim for negligence nearly three years after his injuries. As Plaintiff notes, however, the Oregon Supreme Court in *Baker v.*

---

[1] At the time of *Cooksey* and *Lawson*, the 2006 version of § 30.275(9) was numbered § 30.275(8).

*City of Lakeside* called into question the reasoning of the *Cooksey* and *Lawson* courts. *See* 343 Or. 70 (2007).

In *Baker* the plaintiff filed a complaint under the OTCA against the defendant within the limitations period of Oregon Revised Statute § 30.275(9), but she did not serve the summons on defendant until after the limitations period. 343 Or. 70 at 72. Under Oregon Revised Statute § 12.020(1), a plaintiff commences an action against a defendant only after she both files the complaint and serves the summons. The defendant, therefore, moved to dismiss the plaintiff's action as untimely. *Id*. The plaintiff, however, noted Oregon Revised Statute § 12.020(2) provides that an action "shall be deemed to have been commenced" on the date the plaintiff filed the complaint if the plaintiff served the summons on the defendant within 60 days. Accordingly, the plaintiff contended § 12.020(2) applied, and, therefore, her complaint was timely. *Id*. The court examined the interaction between the limitations period of the OTCA at § 30.275(9) and the savings provision of § 12.020(2) and found

> [n]othing in the legislative history suggests that the legislature intended to depart from the longstanding rule of procedure found in ORS 12.020(2), nor does it suggest that the legislature intended to deny children and persons with mental disabilities bringing OTCA claims the advantage of a tolling provision that is available to them in every other action.

*Id*. at 82-83. Ultimately, the court held:

> Considering the text, context, and legislative

> history of ORS 30.275(9), we hold that the
> notwithstanding clause in ORS 30.275(9) applies
> *only to those* provisions of ORS chapter 12 and
> other statutes that provide a limitation on the
> commencement of an action.  The notwithstanding
> clause does not bar application of ORS 12.020 to
> OTCA claims. Because plaintiff filed her complaint
> within two years of the accident and served the
> city within 60 days of filing her complaint, her
> complaint was timely under ORS 12.020(2).

*Id*. at 83.

Oregon Revised Statute § 12.160 also does not provide a limitation on the commencement of an action, and, therefore, the holding in *Baker* suggests the "notwithstanding" clause of § 30.275(9) does not bar application of § 12.160.  That interpretation is further supported by the Oregon Supreme Court's suggestion that the legislative history of § 30.275(9) does not establish the legislature intended to deny minors the advantage of the tolling provision of § 12.160.

Nevertheless, Hood River maintains that, because the *Baker* court addressed only the applicability of § 12.020(2) to the limitations period of § 30.275(5), the court's holding should not be read to have a broader interpretation.  Hood River also notes in 2008, subsequent to the decision in *Baker*, the Oregon legislature amended § 12.160(1) to provide in pertinent part:

> If a person is entitled to bring an action that is
> subject to the statutes of limitation prescribed
> by ORS 12.010 to 12.050, 12.070 to 12.250 or
> 12.276, and at the time the cause of action
> accrues the person is a child who is younger than
> 18 years of age, the statute of limitation for
> commencing the action is tolled for so long as the

10 - OPINION AND ORDER

person is younger than 18 years of age.

According to Hood River, this amendment suggests the legislature "corrected the *Baker* court's question whether the legislature may have intended to apply the ORS 12.160 tolling provision to claims brought under the OTCA."  Even if Hood River's interpretation is correct, however, the legislature did not specify in the 2008 legislation that the revised § 12.160 was retroactive. Accordingly, Plaintiff's negligence claim is governed by the 2006 version of § 12.160, and this Court is bound by the Oregon Supreme Court's interpretation of the provision at that time. *See S.D. Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461, 473 (9th Cir. 2001)("When interpreting state law, we are bound by decisions of the state's highest court.").  Thus, the Court concludes the tolling provision of § 12.160 as it existed in 2006 applies to Plaintiff's negligence claim.

Accordingly, Plaintiff's negligence claim is not time-barred because Plaintiff filed this action within two years of reaching the age of majority, and the Court denies Hood River's Motion to Dismiss as to Plaintiff's negligence claim against Hood River.

**II.  Plaintiff is not required to exhaust his administrative remedies under the IDEA as to his § 1983 claim for deprivation of a free and appropriate education.**

In his Complaint, Plaintiff brings a claim under 42 U.S.C. § 1983 alleging Hood River engaged in a "dangerous lack of

adequate supervision of students [that it] knew or should have known would result in the deprivation of [Plaintiff's] right to a free and appropriate public education (Free Appropriate Education) due him by virtue of his status as a student with disabilities as provided for in the federal Individuals with Disabilities Education Act (IDEA)."

Hood River moves to dismiss Plaintiff's claim on the ground that Plaintiff failed to exhaust his administrative remedies under the IDEA.  Plaintiff, however, asserts he is not required to exhaust the IDEA's administrative remedies because he seeks only monetary damages for past physical injuries.

**A.    The Law**

Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To establish a claim under § 1983, a plaintiff must initially allege "(1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a constitutional right." *L.W. v. Grubbs (Grubbs I),* 974 F.2d 119, 120 (9th Cir. 1992).

12 - OPINION AND ORDER

The IDEA requires state and local agencies receiving federal funds to "establish and maintain procedures in accordance with this section to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education by such agencies."  20 U.S.C. § 1415(a).

The IDEA requires a parent or guardian who believes a state agency has deprived a student of a FAPE to request a due-process hearing.  The IDEA provides:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l).  Thus, the exhaustion requirement of the IDEA applies even when an action is brought pursuant to a different statute as long as the party is seeking relief that is also available under the IDEA.

**B.  Analysis**

As noted, Hood River moves to dismiss Plaintiff's § 1983 claim for failure to provide a FAPE under the IDEA on the ground that Plaintiff did not exhaust the IDEA administrative remedies.  Hood River relies on *Robb v. Bethel School District*

13 - OPINION AND ORDER

*No. 403*, 308 F.3d 1047 (9th Cir. 2002), to support its

contention.

In *Robb* the Ninth Circuit concluded a party may not

avoid the exhaustion requirement of the IDEA by seeking only

monetary relief.  *Id.* at 1050 (9th Cir. 2002).  The court noted:

> The dispositive question generally is whether the
> plaintiff has alleged injuries that could be
> redressed to any degree by the IDEA's admini-
> strative procedures and remedies.  If so,
> exhaustion of those remedies is required. . . .
> Where the IDEA's ability to remedy a particular
> injury is unclear, exhaustion should be required
> to give educational agencies an initial oppor-
> tunity to ascertain and alleviate the alleged
> problem.

*Id.*  The plaintiff in *Robb* sought damages to compensate her for

lost educational opportunities and emotional distress as a result

of the defendant removing the plaintiff from her classroom

repeatedly for peer-tutoring by other students without the

supervision of a teacher.  *Id*. at 1048.  The court noted the

plaintiff did not attempt to exhaust her administrative remedies

under the IDEA and concluded the plaintiff's injury (*i.e.*, lost

educational opportunities) could be remedied by procedures

available under the IDEA.  *Id*. at 1050.  In addition, the

plaintiff conceded at oral argument that the peer-tutoring

program was at least "an attempt at an educational program." *Id*.

at 1052 n.3.  In *Witte* v. *Clark County School District*, however,

the plaintiff, a ten-year-old boy with Tourette's Syndrome

alleged he had been force-fed oatmeal even though he was allergic

14 - OPINION AND ORDER

to it; strangled; tackled and held to the ground repeatedly; made
to run on a treadmill set at high speed with weights strapped to
his ankles; deprived of meals; sprayed in the face with water;
and forced to stay outside on the patio without food or water
because of his disabilities.  197 F.3d 1271, 1273 (9th Cir.
1999).  Ultimately the plaintiff was moved to a different school
through an agreement with the school district.  *Id*. at 1275.  The
plaintiff then filed an action seeking monetary damages.  The
Ninth Circuit concluded the plaintiff did not have to exhaust his
administrative remedies under the IDEA and noted the plaintiff
had engaged in some process with the school district, the
plaintiff sought only retrospective monetary damages, and the
plaintiff's allegations "center[ed] around physical abuse and
injury."  *Id*. at 1276.  The Ninth Circuit found "[t]he remedies
available under the IDEA would not appear to be well suited to
addressing past physical injuries adequately; such injuries
typically are remedied through an award of monetary damages."
*Id*.

         The Ninth Circuit distinguished *Robb* from *Witte* by
noting the plaintiff in *Witte* had already engaged in at least a
portion of the IDEA process with the school district before
bringing her action, and, in addition, "neither the source nor
the nature of the plaintiff's alleged injuries [in *Witte*] was
educational."  *Id*. at 1053 n.3.  Finally, unlike in *Witte*, the

15 - OPINION AND ORDER

plaintiff in *Robb* did not allege past physical injuries.  Thus, in *Robb*, the Ninth Circuit concluded the plaintiff was required to exhaust her administrative remedies under the IDEA before bringing an action under § 1983.

Plaintiff contends the facts in this matter are more similar to those in *Witte* rather than to those in *Robb*, and, therefore, Plaintiff asserts he should not have to exhaust the administrative remedies of the IDEA before bringing a § 1983 claim for denial of FAPE.  The Court agrees.  Although here Plaintiff does not allege he engaged in any process with Hood River as the plaintiff in *Witte* did with his school district, Plaintiff seeks only retrospective monetary damages for past physical injuries.  In addition, unlike in *Robb*, "neither the source nor the nature of the plaintiff's alleged injuries was educational."  *Robb*, 308 F.3d at 1052 n.3.

Accepting as true the allegations in Plaintiff's Complaint and construing them in favor of Plaintiff, the Court concludes Plaintiff is not required to exhaust the administrative remedies of the IDEA before bringing his claim under § 1983 for failure to provide a FAPE.  Accordingly, the Court denies Hood River's Motion to Dismiss for failure to exhaust administrative remedies as to Plaintiff's claim against Hood River for failure to provide a FAPE.

16 - OPINION AND ORDER

## III. Plaintiff has not adequately alleged the elements of a *Monell* claim.

### A.    The Law

Section 1983 liability of a local governing body arises only when "action pursuant to official . . . policy of some nature caused a constitutional tort" and not on the basis of *respondeat superior*. *Monell*, 436 U.S. at 691-94 (1978). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)(emphasis in original). The circumstances in which "Monell" liability may be found under § 1983 are "carefully circumscribed." *Fuller v. City of Oakland,* 47 F.3d 1522, 1534 (9th Cir. 1995).

One of the ways in which an individual may assert a claim against a public body such as a school district under § 1983 is to assert (1) the plaintiff was deprived of a constitutional right, (2) the school district had a policy or custom, (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional rights, and (4) the policy or custom was the moving force behind the constitutional violation the plaintiff sustained. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101,

17 - OPINION AND ORDER

1110-11 (9ᵗʰ Cir. 2001).  *See also Plumeau v. Sch. Dist. No. 40*
*County of Yamhill*, 130 F.3d 432, 438 (9ᵗʰ Cir. 1997)(analyzing
school district's liability pursuant to *Monell* under § 1983) and
*Harry A. v. Duncan*, No. 05-35206, 2007 WL 1585695, at *1 (9ᵗʰ
Cir. June 4, 2007)(same).

    **B.  Analysis**

       As noted, Hood River contends Plaintiff has not
adequately alleged Hood River had a custom or policy that
deprived Plaintiff of any constitutional right.  In his
Complaint, Plaintiff alleges in pertinent part:

> 21.
>
>     The area within the school premises where the
> assault occurred was an area where minority (by
> race and/or ethnicity) students were allowed to
> congregate before class without proper
> supervision.
>
> 22.
>
>     Defendant HOOD RIVER COUNTY SCHOOL DISTRICT
> was aware of facts alleged in paragraph [21] above
> and intentionally or deliberately failed to remedy
> the situation.  This failure was substantially due
> to the fact of the students minority status.
>
> 38.
>
>     Defendant HOOD RIVER COUNTY SCHOOL DISTRICT'S
> conduct under state law was with knowledge and
> deliberate disregard of:
>
> (a) The dangerous lack of adequate supervision of
> minority students as described above, which was
> based partially on the minority status of the
> students resulting in a deprivation of ALDO
> FUNEZ's equal protection rights under the 14th
> Amendment of the United States Constitution.

(b) The dangerous lack of adequate supervision of students which Defendant HOOD RIVER COUNTY SCHOOL DISTRICT knew or should have known would result in the deprivation of ALDO FUNEZ's right to a free aid appropriate public education (Free Appropriate Education) due him by virtue of his status as a student with disabilities as provided for in the federal Individuals with Disabilities Education Act (IDEA).

(c) The inadequate supervision which posed a risk of deprivation of ALDO FUNEZ's due process rights as provided for under Amendment 14 of the United States Constitution.

Defendant HOOD RIVER COUNTY SCHOOL DISTRICT exacerbated such risks  through its action and/or inaction.

39.

As a direct and foreseeable result of Defendant HOOD RIVER COUNTY SCHOOL DISTRICT's negligence, ALDO FUNEZ was damaged.

Compl. ¶¶ 21-22, 38-39.  Although these allegations do not contain any mention of an official policy, practice, or custom on the part of Hood River that deprived Plaintiff of his constitutional rights, Plaintiff, nevertheless, contends he sufficiently pled the basis for such a claim.  Plaintiff relies on *Evans v. McKay*, 869 F.2d 1341 (9th Cir. 1989), to support his contention.

In *Evans* the Ninth Circuit held "[i]t is improper to dismiss on the pleadings alone a section 1983 complaint alleging municipal liability, even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, conduct or practice." *Id*. at 1349

19 - OPINION AND ORDER

(citing *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988), and *Shah v. County of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986)).  The Court notes the Ninth Circuit decided *Evans* before *Twombly*, which sets a more stringent pleading standard than was the rule at the time *Evans* was decided.  In any event, Plaintiff's Complaint does not contain even a "bare allegation" that the conduct at issue conformed to an official policy, conduct, or practice established by Hood River.

In addition, the Court notes although Plaintiff asserts in ¶ 22 of his Complaint that Hood River deliberately failed to remedy the fact that "minority . . . students were allowed to congregate before class without proper supervision" in a particular area, Plaintiff alleges in ¶ 39 that his injury was the result of Hood River's negligence.  The Supreme Court and the Ninth Circuit have made clear that when a plaintiff seeks to establish municipal liability under § 1983, the plaintiff "must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Bd. of County Comm'rs of Bryan County, Okla. v. Brown,* 520 U.S. 397, 407 (1997).  Simple negligence or even heightened negligence is not a sufficient basis to impose liability on a municipality. *Id*. *See also Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)(same); *Alfrey v. United States*, 276 F.3d 557, 568 (9th Cir. 2002)

(same)).  At a minimum, therefore, Plaintiff must limit his
*Monell* allegations to facts showing "deliberate indifference" and
not rely in any way on alleged acts of negligence to support his
*Monell* claim.

The Court, therefore, concludes Plaintiff has not
adequately pled the custom, policy, or practice element of a
*Monell* claim or adequately alleged Hood River's intent.
Accordingly, the Court grants Hood River's Motion to Dismiss as
to Plaintiff's *Monell* claims against Hood River.

## IV.  Plaintiff has not adequately pled a violation of his right to equal protection under the United States Constitution.

Even if the Court had found Plaintiff adequately pled the
elements of a *Monell* claim against Hood River, the Court
concludes Plaintiff did not adequately plead that a basis for
such a claim is that Hood River denied his right to equal
protection under the United States Constitution.

### A.    The Law

"To state a claim under 42 U.S.C. § 1983 for a
violation of the Equal Protection Clause of the Fourteenth
Amendment, a plaintiff must show that the defendants acted with
an intent or purpose to discriminate against the plaintiff based
on his membership in a protected class."  *Lee v. City of Los
Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).  To state a claim for
violation of his right to equal protection, Plaintiff must allege

(1) [Hood River] treated [him] differently from

21 - OPINION AND ORDER

others similarly situated; (2) this unequal
treatment was based on an impermissible
classification; (3) [Hood River] acted with
discriminatory intent in applying this
classification; and (4) [P]laintiff suffered
injury as a result of the discriminatory
classification.

*T.A. ex rel. Amador v. McSwain Union Elementary Sch. Dist.*,

No. CV-F-08-1986 OWW/DLB, 2009 WL 1748793, at *10 (E. D. Cal.

June 18, 2009)(quotation omitted).

**B.    Analysis**

Plaintiff contends he has adequately pled an equal-

protection claim and relies on the following allegations of his

Complaint:

15.

At all times material, defendant HOOD RIVER
COUNTY SCHOOL DISTRICT was a duly authorized
Oregon State public school district within the
State of Oregon; its offices being found in the
city of Hood River, Hood River county, Oregon; its
functions and responsibilities including the
supervision and protection of students attending
public schools in Hood River County, Oregon, at
all times material acting under the color of state
law.

18.

At all times material ALDO FUNEZ and Student
Defendants were and are members of a racial/ethnic
minority group.

19.

At all times material Hood River valley High
School was and is a school exclusively operated
and controlled by Defendant HOOD RIVER VALLEY
SCHOOL DISTRICT.

22 - OPINION AND ORDER

20.

On approximately May 25,2006, while attending
Hood River Valley High School, ALDO FUNEZ was
struck, kicked and punched by student Defendants,
who were under the care and supervision of
Defendant HOOD RIVER COUNTY SCHOOL DISTRICT.

21.

The area within the school premises where the
assault occurred was an area where minority (by
race and/or ethnicity) students were allowed to
congregate before class without proper
supervision.

22.

Defendant HOOD RIVER COUNTY SCHOOL DISTRICT
was aware of facts alleged in paragraph [21] above
and intentionally or deliberately failed to remedy
the situation.  This failure was substantially due
to the fact of the students minority status.

Plaintiff, however, fails to allege specific facts from which it

may be inferred that he was treated differently from others

similarly situated and that his unequal treatment was based on an

impermissible classification.  In addition, even if Hood River

treated Plaintiff differently, it is not clear how that treatment

resulted in the alleged violation of his right to equal

protection.

The Court, therefore, concludes, Plaintiff has not

adequately pled a claim for violation of his right to equal

protection under the United States Constitution.  Accordingly,

the Court grants Hood River's Motion to Dismiss as to Plaintiff's

§ 1983 claim against Hood River for violation of his right to

23 - OPINION AND ORDER

equal protection under the United States Constitution.

**V.    Plaintiff has not adequately pled a violation of his right to due process under the United States Constitution.**

Plaintiff also brings a *Monell* claim against Hood River pursuant to § 1983 for an alleged violation of his right to due process under the United States Constitution.  Specifically, Plaintiff alleges Hood River's inadequate supervision of the area in which minority students were allowed to congregate before class was based "partially on the minority status of the students . . . [and] posed a risk of deprivation of ALDO FUNEZ's due process rights as provided for under Amendment 14 of the United States Constitution. . . .  [Hood River] exacerbated such risks through its action and/or inaction."  Compl. ¶ 38(a) and (c).

**A.    The Law**

State officials or municipalities are liable for deprivations of life, liberty, or property that rise to the level of a "constitutional tort" under the Due Process Clause of the Fourteenth Amendment.  *Johnson v. City of Seattle*, 474 F.3d 634, 638 (9th Cir. 2007).  Generally "a state is not liable for failing to protect individuals from harm by third parties" under the Fourteenth Amendment.  *Deshaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989).  *See also Johnson*, 474 F.3d at 639 (same).  Thus, individuals generally do not have a constitutional right to bring an action against school districts for injuries caused by third parties.  *See Harry A.*, 2007 WL

24 – OPINION AND ORDER

1585695, at *1 (A school district's "failure to protect an
individual against private violence simply does not constitute a
violation of the Due Process Clause."). *See also Deshaney,* 489
U.S. at 195-97.  This general rule "is modified by two
exceptions:  (1) the special relationship exception; and (2) the
danger creation exception." *Johnson*, 474 F.3d at 639 (citing
*Grubbs I,* 974 F.2d at 121).  Accordingly, Plaintiff may not bring
a claim against Hood River for the actions of the Student
Defendants unless it can establish the facts fall under one of
these exceptions.

        Although it is unclear from the allegations in the
Complaint under which exception this claim falls, Plaintiff
contends in his Response to Hood River's Motion to Dismiss that
he intends to assert both exceptions.

**B.    Analysis**

**1.    Danger-creation exception**

        "To prevail under the danger creation exception, a
plaintiff must first show that [a defendant's action under color
of state law] affirmatively places the plaintiff in a position of
danger, that is, where [the] action creates or exposes an
individual to a danger which he or she would not have otherwise
faced." *Johnson*, 474 F.3d at 639 (internal quotations and
citations omitted).  As the Ninth Circuit held in *Huffman v.
County of Los Angeles*,

25 - OPINION AND ORDER

> [t]he danger-creation exception to *DeShaney* does
> not create a broad rule that makes state officials
> liable under the Fourteenth Amendment whenever
> they increase the risk of some harm to members of
> the public.  Rather, the danger-creation plaintiff
> must demonstrate, at the very least, that the
> state acted affirmatively, and with deliberate
> indifference, in creating a foreseeable danger to
> the plaintiff leading to the deprivation of the
> plaintiff's constitutional rights.

147 F.3d 1054, 1061 (9th Cir. 1998)(internal citation omitted).

To establish school district officials acted with deliberate indifference to a danger they allegedly created, a plaintiff must show "(1) an unusually serious risk of harm . . ., (2) defendant's actual knowledge of (or, at least, willful blindness to) that elevated risk, and (3) defendant's failure to take obvious steps to address that known, serious risk." *L.W. v. Grubbs (Grubbs II)*, 92 F.3d 894, 900 (9th Cir. 1996).  In other words, the plaintiff must show the defendant knows "something *is* going to happen but ignores the risk and exposes someone to it." *Id.* (emphasis in original).  Negligence on the part of state officials, whether simple or gross, is not sufficient to establish liability for a due-process violation.  *Id*. at 898-900. *See also Daniels v. Williams*, 474 U.S. 327, 331-35 (1986).

Plaintiff contends "violence between and among children at school is a known danger.  Deliberate failure to take responsible measures to supervise children within school affirmatively places a child in a position of danger.  By virtue of minority and also due to disability ALDO FUNEZ was not in a

26 - OPINION AND ORDER

position to defend himself."  According to Plaintiff, therefore,

he has sufficiently stated a claim for violation of his right to

due process.  Plaintiff relies on *Johnson v. Dallas Indep. Sch.*

*Dist.*, 38 F.3d 198 (5th Cir. 1994), to support his contention.

In *Johnson*, the plaintiff's estate brought an

action under § 1983 for, among other things, violation of the

deceased student's due-process rights when the deceased was shot

and killed by a third party on school grounds during school

hours.  *Id*. at 199.  The Fifth Circuit held the plaintiff did not

state a claim for violation of the deceased's due-process rights

under the danger-creation exception.  *Id*.  The Fifth Circuit

examined *Wood v. Ostrander*, 879 F.2d 583 (9th Cir. 1989), and

*Cornelius v. Town of Highland Lake*, 880 F.2d 348 (11th Cir.

1989).  In those cases, the courts found the danger-creation

exception applied.  The Fifth Circuit found "a school cannot be

as dangerous as the nocturnal condition of the high-crime

neighborhood described in *Wood* or the prisoner release program

gone awry in *Cornelius*."  *Id*. at 201.  The court also noted

> [t]here is no pleading that school officials
> placed [the deceased] in a dangerous environment
> stripped of means to defend himself and cut off
> from sources of aid.  There is no sufficiently
> culpable affirmative conduct.  [The deceased] went
> to school.  No state actor placed [the deceased]
> in a 'unique, confrontational encounter' with a
> violent criminal.  *Cornelius*, 880 F.2d at 359.  No
> official in the performance of her duties
> abandoned him in a crack house or released a known
> criminal in front of his locker.

*Id*. at 202.   The Fifth Circuit concluded

>            [e]ven if the deployment of . . . security
>            measures was haphazard or negligent, it may not be
>            inferred that the conduct of the defendants rose
>            to the level of deliberate indifference. . . .
>            [T]he most that may be said of defendants'
>            ultimately ineffective attempts to secure the
>            environment is that they were negligent, but not
>            that they were deliberately indifferent.

*Id*.

Here the Complaint alleges only that the assault

occurred in an area where minority students were allowed to

congregate.   There is not any allegation that Plaintiff was

required to be in that area or that he was prohibited from

waiting in some other area of the school for class to begin.   As

the Supreme Court noted, the Due Process Clause is not "a

guarantee of certain minimal levels of safety and security."

*DeShaney*, 489 U.S. at 109.   In addition, in ¶ 39 of his

Complaint, Plaintiff asserts he was damaged "[a]s a direct and

foreseeable result of [Hood River's] negligence."   As noted,

negligence is not a sufficiently culpable state of mind for the

danger-creation exception to apply.   The Court, therefore, finds

Plaintiff has not sufficiently pled the danger-creation

exception.

### 2.   Special relationship

"The 'special relationship' exception applies

where a state actor abuses a special state-created relationship

with an individual, such as in the case of custody or involuntary

28 - OPINION AND ORDER

hospitalization." *Morgan v. Bend-La Pine Sch. Dist.*, No. CV-07-
173-ST, 2009 WL 312423, at *10 (D. Or. Feb 6, 2009)(citing *Morgan
v. Gonzales*, 495 F.3d 1084, 1093-94 (9th Cir. 2007)).

        Plaintiff does not cite any case in any circuit in
which a court held the "special-relationship" exception applied
to students injured by other students in school.  Plaintiff
relies on the fact that he is required to attend school and on
the reasoning of *Fazzolari v. Portland School Districts No. 11*,
303 Or. 1 (1987), to support his assertion that the special-
relationship exception applies here.  *Fazzolari*, however, was a
negligence action analyzed under Oregon law and the *Fazzolari*
court did not address due process under the United States
Constitution or the special-relationship exception.

        In addition, the federal circuit courts that have
addressed the argument made by Plaintiff have concluded a student
is not "in custody" at school within the meaning of the special-
relationship exception.  As the Seventh Circuit explained:

            Only where the state has exercised its power so as
            to render an individual unable to care for himself
            or herself may an affirmative duty to protect that
            individual arise.  *DeShaney*, 109 S. Ct. at
            1005-06.  But beyond the case of incarcerated
            prisoners and involuntarily committed mental
            patients, the Supreme Court has never recognized
            such a duty.  *See Youngberg v. Romeo*, 457 U.S.
            307, 102 S. Ct. 2452, 73 L. Ed. 2d 28 (1982)
            (mental patients); *Estelle v. Gamble*, 429 U.S. 97,
            97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)(prisoners).

            We do not suggest that prisoners and mental
            patients are an exhaustive list of all persons to

whom the state owes some affirmative duties, but
the government, acting through local school
administrations, has not rendered its school-
children so helpless that an affirmative
constitutional duty to protect arises.  Whatever
duty of protection does arise is best left to laws
outside the Constitution.

The state's custody over their person is the most
distinguishing characteristic in the cases of the
mental patient and the prisoner; these people are
unable to provide for basic human needs like food,
clothing, shelter, medical care, and reasonable
safety.  *See DeShaney*, 109 S. Ct. at 1005.  At
most, the state might require a child to attend
school . . . but it cannot be suggested that
compulsory school attendance makes a child unable
to care for basic human needs.  The parents still
retain primary responsibility for feeding,
clothing, sheltering, and caring for the child.
By mandating school attendance for children under
the age of sixteen, the state of Illinois has not
assumed responsibility for their entire personal
lives; these children and their parents retain
substantial freedom to act.  The analogy of a
school yard to a prison may be a popular one for
school-age children, but we cannot recognize
constitutional duties on a child's lament.
Schoolchildren are not like mental patients and
prisoners such that the state has an affirmative
duty to protect them.

*J.O. v. Alton Comm. Unit Sch. Dist. 11*, 909 F.2d 267, 272-73 (7th

Cir. 1990).  In addition, the Eighth Circuit concluded in *Dorothy*

*J. v. Little Rock School District* that

state-mandated school attendance does not entail
so restrictive a custodial relationship as to
impose upon the State the same duty to protect it
owes to prison inmates . . . or to the
involuntarily institutionalized. . . .  Public
school attendance does not render a child's
guardians unable to care for the child's basic
needs.  In this regard, public schools are simply
not analogous to prisons and mental institutions.

30 - OPINION AND ORDER

7 F.3d 729, 732 (8th Cir. 1993).  The court further concluded the
student's

> mental retardation [did not] alter the equation.
> There is no allegation that the State
> involuntarily placed [the student] in the CBI
> program.  Under *DeShaney*, it is "the State's
> affirmative act of restraining the individual's
> freedom to act on his own behalf," 489 U.S. at
> 200, 109 S. Ct. at 1006, not the individual's own
> limitations, that gives rise to the constitutional
> duty to protect.  *See Monahan v. Dorchester
> Counseling Ctr., Inc.*, 961 F.2d 987, 992 (1st Cir.
> 1992); *Fialkowski v. Greenwich Home for Children,
> Inc.*, 921 F.2d 459, 465-66 (3d Cir. 1990).

*Id*. at 732-33.  *See also D.R. v. Middle Bucks Area Voc. Tech.
Sch.*, 972 F.2d 1364, 1373 (3d Cir. 1992)(rejected the plaintiff's
argument that Pennsylvania's scheme of compulsory school
attendance "so restrains school children's liberty that
plaintiffs can be considered to have been in state 'custody'
during school hours for Fourteenth Amendment purposes.");
*Maldonado v. Josey*, 975 F.2d 727, 733 (10th Cir. 1992)(rejected
the plaintiff's assertion that New Mexico's compulsory school-
attendance laws "so restrain[ed] a school child's personal
liberty that the Due Process Clause imposes upon the state an
affirmative obligation to protect that child.").

The Court adopts the reasoning of *J.O., D.R.,
Maldonado,* and *Dorothy J.* and concludes Oregon's compulsory
school-attendance requirements did not render Plaintiff "in
custody" for purposes of the special-relationship exception.  The
Court, therefore, concludes Plaintiff cannot state a claim

against Hood River for violation of Plaintiff's rights to due process under the special-relationship exception.

In summary, the Court grants Hood River's Motion to Dismiss as to Plaintiff's claim against Hood River for violation of Plaintiff's due-process rights under the United States Constitution.


## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Defendant Hood River County School District's Motion to Dismiss (#40) as follows:

1.  The Court denies Hood River's Motion as to Plaintiff's negligence claim against Hood River.

2.  The Court grants Hood River's Motion as to Plaintiff's § 1983 claim against Hood River for violation of his right to FAPE.

3.  The Court grants Hood River's Motion as to Plaintiff's § 1983 claims against Hood River for deprivation of his right to equal protection and due process under the United States Constitution.

The Court **GRANTS** Plaintiff leave to amend his Complaint no later than January 4, 2010, for the purpose of curing the

deficiencies as set out in this Opinion and Order.

IT IS SO ORDERED.

DATED this 15th day of December, 2009.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge