IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOSE FUNEZ, guardian                    09-CV-562-BR
*ad litem* for ALDO FUNEZ,

        Plaintiff,                      OPINION AND ORDER

v.

CRUZ BOLANOS GUZMAN; LUZ
ARMANDO BARBOSA, ARMANDO
BARBOSA, and MARIA BARBOSA;
ALONZO CAMPOS, MARTIN CAMPOS,
AND JOHN DOE 2; FRANCISCO
JAVIAR CAMPOS CHAVARRIA,
JUAN CAMPOS, and GUADALUPE
CHAVARRIA; HERNAN CONEJO,
MANUEL CORNEJO-OLMEDA, and
CARMELA CORNEJO; J.L.;
IGNACIO LARA-VASQUEZ and
MARIA GUADALUPE LARA; L.L.;
JOSE MAGANA-MACIAS, IRINEO
MUNOZ-MAGANA, and JUANA
MAGANA-MACIAS; RUBEN
MENDOZA-UVALLE, JORGE MENDOZA,
and GUILLERMINA MENDOZA;
JUAN QUINTANA-ROQUE, JUAN
QUINTANA-OCAMPO, and ALEJANDRA
QUINTANA; and HOOD RIVER
COUNTY SCHOOL DISTRICT, an Oregon
public school district,

        Defendants.

1 - OPINION AND ORDER

**ANDREW W. CARTER**
Dunn Toole Carter & Coats LLP
112 West Fourth Street
The Dalles, OR 97058
(541) 296-5424

       Attorneys for Plaintiff

**MEREDITH D. VAN VALKENBURGH**
Van Valkenburgh & Associates, P.C.
204 East Fourth Street
The Dalles, OR 97058
(541) 296-1106

       Attorneys for Defendants Cruz Bolanos Guzman, Luz
       Armando Barbosa, Armando Barbosa, Maria Barbosa, Alonzo
       Campos, Martin Campos, John Doe 2, Hernan Conejo,
       Manuel Cornejo-Olmeda, Carmela Cornejo, J.L., Ignacio
       Lara-Vasquez, Maria Guadalupe Lara, L.L., Jose Magana-
       Macias, Irineo Munoz-Magana, and Juana Magana-Macias

**JAMES M. HABBERSTAD**
106 East Fourth Street, Second Floor
The Dalles, OR 97058
(541) 296-8533

       Attorney for Defendants Ruben Mendoza-Uvalle, Juan
       Quintana-Roque, Juan Quintana-Ocampo, and Alejandra
       Quintana

**RONALD W. DOWNS**
Special Districts Association
P.O. Box 12613
Salem, OR 97309-0613
(503)371-8667

**J. CHANNING BENNETT**
Garrett Hemann Robertson, PC
1011 Commercial Street N.E., Suite 210
P.O. Box 749
Salem, OR 97308-0749
(503) 581-1501

       Attorneys for Defendant Hood River County School
       District

2 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the Motion (#64) of Defendant Hood River County School District (Hood River) to Dismiss Plaintiff's Amended Complaint.  For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Hood River's Motion.


<u>BACKGROUND</u>

The following facts are taken from Plaintiff's Amended Complaint:

During the relevant period, Plaintiff Aldo Funez was a minor and student at Hood River Valley High School (High School) where he received special-education services because he is disabled.

Before May 25, 2006, groups of Hispanic students would subject other students to "birthday beatings" on the grounds of the High School.  Plaintiff alleges Hood River was aware or should have been aware of this practice.  Nevertheless, Hood River had a custom or policy to post or to allow to be posted the names of students and their birthdays in the hallway of the High School.

Before May 25, 2006, Plaintiff complained to Hood River that he was being "intimidated and/or harassed by other students."

On May 25, 2006, Plaintiff's birthday, he was taken to the wrestling or weight room at the High School and repeatedly kicked

and punched by Defendants Cruz Bolanos Guzman, Luz Armando Barbosa, Alonzo Campos, Francisco Javiar Campos Chavarria, J.L., L.L., Jose Magana-Macias, Ruben Mendoza-Uvalle, and Juan Quintana-Roque (Student Defendants) before classes began.

As a result of the acts of the Student Defendants, Plaintiff sustained cuts, bruises, and internal injuries, which resulted in extensive surgery and his hospitalization from May 26, 2006, to June 4, 2006.

On May 21, 2009, Plaintiff filed a Complaint in this Court in which he brought claims (1) against Student Defendants for battery; (2) against Defendants Armand Barbosa, Maria Barbosa, Martin Campos, John Doe 2, Juan Campos, Guadalupe Chavarria, Manuel Cornejo-Olmeda, Carmela Cornejo, Ignacio Lara-Vasquez, Maria Guadalupe Lara, Irineo Munoz-Magana, Juana Magana-Macias, Jorge Mendoza, Guillermina Mendoza, Juan Quintana-Ocampo, and Alejandra Quintana (Parent Defendants) for parental liability under Oregon Revised Statute § 30.765; (3) against Hood River for negligence; (4) against Hood River for denial of Plaintiff's right to a free and appropriate public education (FAPE) guaranteed under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(l), pursuant to 42 U.S.C. § 1983; (5) against Hood River for violation of Plaintiff's right to equal protection under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983; and (6) against

Hood River for deprivation of Plaintiff's right to substantive due process under the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.

On August 3, 2009, Hood River moved to dismiss Plaintiff's claims against it on the grounds that Plaintiff's negligence claim was time-barred; Plaintiff failed to exhaust his administrative remedies under the IDEA; Plaintiff did not allege a custom or policy that caused a constitutional deprivation pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978); and Plaintiff failed to state a claim for violation of his rights to equal protection and substantive due process.

On December 15, 2009, the Court issued an Opinion and Order as to Hood River's August 3, 2009, Motion to Dismiss (#40) in which the Court (1) denied Hood River's Motion as to Plaintiff's negligence claim against Hood River, (2) granted Hood River's Motion as to Plaintiff's § 1983 claim against Hood River for violation of Plaintiff's right to a FAPE, and (3) granted Hood River's Motion as to Plaintiff's § 1983 claims against Hood River for deprivation of Plaintiff's right to equal protection and due process under the United States Constitution.  The Court also granted Plaintiff leave to file an amended complaint to cure the deficiencies set out in the Opinion and Order.

On January 3, 2010, Plaintiff filed an Amended Complaint in which he brings claims (1) against Student Defendants for

5 - OPINION AND ORDER

battery; (2) against Parent Defendants for parental liability under Oregon Revised Statute § 30.765; (3) against Hood River for negligence; (4) against Hood River under § 1983 for denial of Plaintiff's right to a FAPE pursuant to the IDEA; (5) against Hood River under § 1983 for violation of Plaintiff's right to equal protection under the Fourteenth Amendment of the United States Constitution; and (6) against Hood River under § 1983 for deprivation of Plaintiff's right to substantive due process under the Fourteenth Amendment to the United States Constitution.

On January 13, 2010, Hood River filed a motion seeking to dismiss Plaintiff's § 1983 claims on the grounds that he has not alleged Hood River had a custom or policy that deprived Plaintiff of a constitutional right pursuant to *Monell* nor that such a custom or policy amounted to deliberate indifference to Plaintiff's constitutional rights.  Hood River also moves to dismiss Plaintiff's § 1983 claim for violation of the IDEA on the ground that Plaintiff has not alleged facts sufficient to show the alleged deprivation was related to his disability.  In addition, Hood River moves to dismiss Plaintiff's equal-protection and due-process claims on the ground that Plaintiff fails to state a claim for violation of his rights to equal protection and substantive due process.

## STANDARDS

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is proper only if the pleadings fail to allege sufficient facts to establish a plausible entitlement to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.  See also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") and *County of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237, 1252 (9th Cir. 2009)(same).  The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff.  *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).

## DISCUSSION

I.  **Plaintiff has adequately pled the elements of a _Monell_ claim.**

    **A.    The Law**

        Section 1983 liability of a local governing body arises only when "action pursuant to official . . . policy of some nature caused a constitutional tort" and not on the basis of _respondeat superior_.  _Monell_, 436 U.S. at 691-94 (1978).  "The 'official policy' requirement was intended to distinguish acts of the _municipality_ from acts of _employees_ of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible."  _Pembaur v. City of Cincinnati_, 475 U.S. 469, 479 (1986)(emphasis in original).  The circumstances in which "Monell" liability may be found under § 1983 are "carefully circumscribed."  _Fuller v. City of Oakland,_ 47 F.3d 1522, 1534 (9th Cir. 1995).

        One of the ways in which an individual may assert a claim against a public body such as a school district under § 1983 is to assert (1) the plaintiff was deprived of a constitutional right, (2) the school district had a policy or custom that amounted to deliberate indifference to the plaintiff's constitutional rights, and (3) the policy or custom was the moving force behind violation of the plaintiff's constitutional rights.  _See Mabe v. San Bernardino County, Dep't_

of *Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).  *See also Plumeau v. Sch. Dist. No. 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)(analyzing school district's liability pursuant to *Monell* under § 1983), and *Harry A. v. Duncan*, No. 05-35206, 2007 WL 1585695, at *1 (9th Cir. June 4, 2007) (same).

**B.  Analysis**

As noted, Hood River contends Plaintiff has not adequately alleged Hood River had a custom or policy that deprived Plaintiff of any constitutional right nor that such a custom or policy amounted to deliberate indifference to Plaintiff's constitutional rights.

Plaintiff alleges in his Amended Complaint that (1) Hood River was aware groups of Hispanic students subjected other students to birthday beatings on school property; (2) Hood River posted or allowed to be posted students' names and birthdays; (3) Hood River had a custom or policy as to not taking any action to prevent birthday beatings; and (4) Hood River failed to adequately train staff, to hire sufficient staff, or to hire staff with the ability to communicate with Spanish-speaking students, which resulted in inadequate communication, oversight, and interaction between staff and Hispanic students.

Accepting as true the allegations in Plaintiff's Amended Complaint and construing them in favor of Plaintiff as

the Court is required to do on a motion to dismiss, the Court finds Plaintiff has alleged "more than labels and conclusions and a formulaic recitation of the elements of a cause of action." Plaintiff's factual allegations "raise a right to relief above the speculative level."  The Court, therefore, concludes Plaintiff has adequately alleged the elements of a *Monell* claim.

Accordingly, the Court denies this aspect of Hood River's Motion to Dismiss.

## II.  Plaintiff may not bring a claim to enforce violations of the IDEA under § 1983.

Hood River moves to dismiss Plaintiff's § 1983 claim that Hood River violated his right to a FAPE under the IDEA on the ground that Plaintiff fails to allege Hood River denied him a FAPE because of his disability.

The Ninth Circuit has held Congress did not intend IDEA rights to be enforceable under § 1983:

> "The IDEA includes a judicial remedy for violations of any right 'relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child.' § 1415(b)(6).  Given this comprehensive scheme, Congress did not intend § 1983 to be available to remedy violations of the IDEA."  We now join the First, Third, Fourth, and Tenth Circuits and hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA.

*Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 937 (9th Cir. 2007)(quoting *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 803

10 - OPINION AND ORDER

(3d Cir. 2007)).  *See also A.W.*, 486 F.3d at 803 ("Indeed, since *Smith [v. Robinson*, 468 U.S. 992 (1984)], the Court has continued to refer to the IDEA as an example of a statutory enforcement scheme that precludes a § 1983 remedy.").

The Court, therefore, concludes Plaintiff may not bring a claim under § 1983 for Hood River's alleged failure to provide a FAPE in violation of the IDEA.  Accordingly, the Court grants Hood River's Motion to Dismiss as to Plaintiff's § 1983 claim for violation of the IDEA.

## III. Plaintiff has adequately pled a violation of his right to equal protection under the United States Constitution.

Hood River asserts Plaintiff did not adequately plead that Hood River violated his right to equal protection under the United States Constitution because he has not alleged he was treated differently than similarly situated students and that such allegedly unequal treatment was based on an impermissible classification.

### A.    The Law

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on his membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).  Thus, to state a claim for violation of his right to equal protection, Plaintiff

11 - OPINION AND ORDER

must allege

> (1) [Hood River] treated [him] differently from
> others similarly situated; (2) this unequal
> treatment was based on an impermissible
> classification; (3) [Hood River] acted with
> discriminatory intent in applying this
> classification; and (4) [P]laintiff suffered
> injury as a result of the discriminatory
> classification.

*T.A. ex rel. Amador v. McSwain Union Elementary Sch. Dist.*,
No. CV-F-08-1986 OWW/DLB, 2009 WL 1748793, at *10 (E.D. Cal. June
18, 2009)(quotation omitted).

**B.    Analysis**

Plaintiff contends he has adequately pled an equal-
protection claim and relies on the following allegations in his
Amended Complaint:

> Prior to the assault, Defendant HOOD RIVER COUNTY
> SCHOOL DISTRICT acted with a deliberate intent or
> purpose to discriminate against Hispanic students.
> Customs and policies of Defendant HOOD RIVER
> COUNTY SCHOOL DISTRICT deliberately allowed
> marginalization of Hispanic students.  Among those
> customs and policies were failures to adequately
> train staff, hire sufficient staff or hire staff
> with the ability to communicate with Spanish
> speaking students.  This resulted in a lack of
> communication between staff and Hispanic students,
> as well as a lack of oversight and interaction
> with them.  This deliberate indifference based
> upon ethnic/racial status resulted in injuries to
> ALDO FUNEZ.
>
> Defendant HOOD RIVER COUNTY SCHOOL DISTRICT, with
> deliberate intent, monitored Hispanic students at
> a substantially lower level than non-Hispanic
> students.  By virtue of this policy or custom,
> staff for Defendant HOOD RIVER COUNTY SCHOOL
> DISTRICT did not interact with Hispanic students
> or form connections with Hispanic students in the

12 - OPINION AND ORDER

same manner as non-Hispanic students.

The area within the school premises where the assault occurred was an area where minority (by race and/or ethnicity) students were allowed to congregate before class without proper supervision.

The purpose of the custom or policy described above was to discriminate against a protected class, of which ALDO FUNEZ was a member. Defendant HOOD RIVER COUNTY SCHOOL DISTRICT intentionally treated Hispanic students differently from similarly situated non-Hispanic students.  This unequal treatment was based on an impermissible classification.

Defendant HOOD RIVER COUNTY SCHOOL DISTRICT acted with discriminatory intent in applying this classification.

ALDO FUNEZ suffered injury as set forth above as a result of the discriminatory classification.

Am. Compl. ¶¶ 24, 27, 28, 51, 52, 53.

The Court finds Plaintiff has alleged specific facts from which it may be inferred that he was treated differently from non-Hispanic students, that his unequal treatment was based on the impermissible classification of race, and that he suffered injuries as a result of the unequal treatment.

The Court, therefore, concludes Plaintiff has adequately pled a claim for violation of his right to equal protection under the United States Constitution.  Accordingly, the Court denies Hood River's Motion to Dismiss as to Plaintiff's § 1983 claim against Hood River for violation of his right to equal protection.

13 - OPINION AND ORDER

**IV.  Plaintiff has adequately pled a violation of his right to due process under the United States Constitution.**

Hood River asserts Plaintiff has not adequately pled a claim for violation of his right to due process because he has not alleged facts sufficient to satisfy either of the two exceptions to the general rule that a school district is not liable for failing to protect individuals from harm by third parties.

**A.  The Law**

State officials or municipalities are liable for deprivations of life, liberty, or property that rise to the level of a "constitutional tort" under the Due Process Clause of the Fourteenth Amendment. *Johnson v. City of Seattle*, 474 F.3d 634, 638 (9th Cir. 2007).  Generally "a state is not liable for failing to protect individuals from harm by third parties" under the Fourteenth Amendment. *Deshaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989).  *See also Johnson*, 474 F.3d at 639 (same).  Thus, individuals generally do not have a constitutional right to bring an action against school districts for injuries caused by third parties. *See Harry A.*, 2007 WL 1585695, at *1 (A school district's "failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.").  *See also Deshaney,* 489 U.S. at 195-97.  This general rule "is modified by two exceptions:  (1) the special relationship exception; and (2) the

14 - OPINION AND ORDER

danger creation exception." *Johnson*, 474 F.3d at 639 (citing *Grubbs I,* 974 F.2d at 121).  Accordingly, Plaintiff may not bring a claim against Hood River for the actions of the Student Defendants unless it can establish the facts fall under one of these exceptions.

    **B.    Analysis**

        In his Response to Hood River's Motion to Dismiss, Plaintiff only asserts the danger-creation exception.

       **1.    Danger-creation exception**

        "To prevail under the danger creation exception, a plaintiff must first show that [a defendant's action under color of state law] affirmatively places the plaintiff in a position of danger, that is, where [the] action creates or exposes an individual to a danger which he or she would not have otherwise faced." *Johnson*, 474 F.3d at 639 (internal quotations and citations omitted).  As the Ninth Circuit held in *Huffman v. County of Los Angeles*,

> [t]he danger-creation exception to *DeShaney* does not create a broad rule that makes state officials liable under the Fourteenth Amendment whenever they increase the risk of some harm to members of the public.  Rather, the danger-creation plaintiff must demonstrate, at the very least, that the state acted affirmatively, and with deliberate indifference, in creating a foreseeable danger to the plaintiff leading to the deprivation of the plaintiff's constitutional rights.

147 F.3d 1054, 1061 (9th Cir. 1998)(internal citation omitted).

15 - OPINION AND ORDER

To establish that school-district officials acted with deliberate indifference to a danger they allegedly created, a plaintiff must show "(1) an unusually serious risk of harm . . ., (2) defendant's actual knowledge of (or, at least, willful blindness to) that elevated risk, and (3) defendant's failure to take obvious steps to address that known, serious risk." *L.W. v. Grubbs (Grubbs II)*, 92 F.3d 894, 900 (9th Cir. 1996). In other words, the plaintiff must show the defendant knows "something *is* going to happen but ignores the risk and exposes someone to it." *Id.* (emphasis in original). Negligence on the part of state officials, whether simple or gross, is not sufficient to establish liability for a due-process violation. *Id.* at 898-900. *See also Daniels v. Williams*, 474 U.S. 327, 331-35 (1986).

### 2. Allegations

Plaintiff relies on the following factual allegations in his Amended Complaint to support his due-process claim:

> Prior to May 25, 2006, within Defendant HOOD RIVER COUNTY SCHOOL DISTRICT school property, groups of Hispanic students would subject other students on their birthdays to "birthday beatings." Prior to May 25,2006, Defendant HOOD RIVER COUNTY SCHOOL DISTRICT was aware of this and/or reasonably should have been aware that groups of Hispanic students would subject other students to birthday beatings on school property while students were under its supervision. Nevertheless, Defendant HOOD RIVER COUNTY SCHOOL DISTRICT had a custom or policy to post or to allow to be posted in the hallway of the high school the names and dates of students' birthdays. Defendant HOOD RIVER COUNTY

16 - OPINION AND ORDER

SCHOOL DISTRICT, with deliberate intent or
negligently allowed or caused to be posted in a
public place in the school the name of ALDO FUNEZ
and his birthday.

Defendant HOOD RIVER COUNTY SCHOOL DISTRICT also
had a policy or custom to take no action to
prevent the birthday beatings.

Defendant HOOD RIVER COUNTY SCHOOL DISTRICT was
also aware, prior to ALDO FUNEZ' birthday, that
Aldo had complained to Defendant HOOD RIVER COUNTY
SCHOOL DISTRICT about being intimidated and/or
harassed by other students.

Also, prior to May 25, 2006, Defendant HOOD RIVER
COUNTY SCHOOL DISTRICT was aware of and
consciously and/or negligently disregarded the
fact that the area of the school where ALDO FUNEZ
was assaulted was not properly supervised, thereby
presenting a danger of harm to students.
Defendant HOOD RIVER COUNTY SCHOOL DISTRICT had
taken no reasonable steps to correct the problem.

The area within the school premises where the
assault occurred was an area where minority (by
race and/or ethnicity) students were allowed to
congregate before class without proper super-
vision.

Defendant HOOD RIVER COUNTY SCHOOL DISTRICT had a
custom or policy of failing to adequately
supervise and,/or connect with Hispanic students.
This policy or custom amounted to deliberate
indifference to ALDO FUNEZ's rights described
herein.  This policy or custom had known
consequences to ALDO FUNEZ, which included his
being subjected to a "birthday beating."

Defendant HOOD RIVER COUNTY SCHOOL DISTRICT, with
deliberate intent, failed to take obvious steps to
address that known risk.

Am. Compl. ¶¶ 19-21, 25, 28, 46-47, 59.

Accepting as true the allegations in Plaintiff's

Amended Complaint and construing them in favor of Plaintiff, the

17 - OPINION AND ORDER

Court concludes Plaintiff has alleged specific facts from which it may be inferred that he was subject to an unusually serious risk of harm; Hood River either knew or was willfully blind to the risk; and Hood River failed to take steps to address the known, serious risk.  In other words, Plaintiff has alleged facts from which it may be inferred that Hood River knew something was going to happen but ignored the risk and exposed Plaintiff to that risk.

The Court, therefore, concludes Plaintiff has adequately pled a claim for violation of his right to due process under the United States Constitution.  Accordingly, the Court denies Hood River's Motion to Dismiss as to Plaintiff's § 1983 claim against Hood River for violation of Plaintiff's right to due process.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Hood River's Motion (#64) to Dismiss.

IT IS SO ORDERED.

DATED this 7th day of April, 2010.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District

18 - OPINION AND ORDER

19 - OPINION AND ORDER